GREMILLION, Judge,
concurs.
| ,In this matter, the trial court was required to determine a custody arrangement for a four-year-old little boy. The trial court appointed Dr. Kenneth Bouil-lion, a clinical psychologist who felt that the boy’s mother, Rosalind, should be the domiciliary parent, but concluded that “Rosalind and Lauren are both competent parents in that they are knowledgeable of Patrick’s needs and fully capable of meeting those needs.” Based on that conclusion, I cannot say that the trial court abused the vast discretion reserved to it in making determinations regarding custody. I therefore concur in the majority’s result.
Having concurred, I do wish to state my concern that both the trial court and the majority were needlessly harsh in their treatment of Rosalind Reed Thibodeaux. For example, the evidence showed that Rosalind insisted on rigid structure and discipline in her household. I am unable to conclude, as the trial court and majority did, that this is a strike against Rosalind. Likewise, Dr. Bouillion clearly believed that young Patrick would benefit from the fact that Rosalind’s “home environment” was “stable and structured.”
This matter did not involve the custody of Rosalind’s two teenaged stepdaughters. Thus, I respectfully disagree with the decision of the trial court and the majority to focus most of their time and energy on issues relating to those girls. However, once both this court and the court below determined that the family life of |2the two teenagers was important, they should have considered all the evidence introduced regarding these two girls, including their preferences in living arrangements. In fact, while the trial court concluded that the structure Rosalind provided was excessively rigid, her stepdaughters preferred living in Rosalind’s household to their mother’s.
The trial court clearly took issue with the fact that Rosalind’s testimony was “rehearsed” and consequently, “not credible.” I find it unsurprising that a mother would rehearse her testimony when the welfare of her small child is at stake. Nevertheless, I am constrained by the applicable standard of review to concur in the ruling of this court.